UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DAVID STEBBINS                APPELLANT

VS.                CASE 24-1936

GOOGLE LLC                APPELLEE

## MOTION FOR SUMMARY REVERSAL

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion for Summary Reversal in the above-styled action.

## TABLE FO CONTENTS

| | Section | Page |
|---|---|---|
| 1. | TABLE OF CONTENTS | 1 |
| 2. | TABLE OF AUTHORITIES | 2 |
| 3. | STATEMENT OF FACTS | 3 |
| 4. | SUMMARY OF ARGUMENT | 4 |
| 5. | ARGUMENT | 4 |
| | 1. Declaring me a vexatious litigant after only two cases | 4 |
| | 2. Declaring me a vexatious litigant on grounds that were never before the Court and that I had no notice of, and therefore no opportunity to argue against. | 5 |
| | 3. Summarily punishing me for recording phone calls giving me due process first. | 5 |
| | 4. Summarily adjudicating most of the fair use factors with absolutely no factual findings made in support thereof. | 6 |
| | 5. Arbitrary and summary denial of motion to vacate judgment | 8 |
| | 6. No Forfeit of other grounds for appeal | 9 |
| 6. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

| **Statutes & Rules** | **Page(s)** |
|---|---|
| • CA Code of Civil Procedure § 391 | 4 |

| **Case Law** | **Page(s)** |
|---|---|
| • COMICMIX LLC v. Dr. Seuss Enterprises, LP, 141 S.Ct. 2803 (2021) | 7 |
| • Dr. Seuss Enterprises, LP v. COMICMIX LLC, 983 F. 3d 443 (9th Cir. 2020) | 7 |
| • Hampton v. California, 83 F. 4th 754 (9th Cir. 2023) | 6 |
| • Peterman v. Republican National Committee, 320 F. Supp. 3d 1151 (MT 2018) | 7,8 |

## STATEMENT OF FACTS

1. I filed this suit against Google LLC, alleging copyright infringement because an anonymous troll had used a frame from one of my videos as his channel icon while only minimally altering it. The Defendants moved to dismiss, alleging that the infringing icon was so obviously fair use that discovery was unnecessary, but all the while providing absolutely no evidence, whatsoever, to support their claims. They also sought to have me declared a vexatious litigant for no other reason than because they, personally, were annoyed by being sued by me.

2. I opposed the motion, pointing out their multiple failings to provide any evidence to back up their claims, and also pointing out that unclean hands should be a counter-defense to fair use in any event.

3. In a different case, another district judge granted in part my motion for reconsideration, re-opening that case and nullifying his previous judgment that one of my streams was not copyrightable. Upon nullifying that judgment, I then proceeded to file a Motion for Leave to File Amended Complaint in the instant case, seeking to add the infringement of that video to the lawsuit.

4. On August 31, 2023, the district court entered an order granting the motion to dismiss. In this order, the district court made the determination that the infringing icon was fair use, but made absolutely no effort to support her conclusions with specific findings of fact. All the factors were found to weigh in favor of the defendants solely because the judge said so.

5. The district court also declared me a vexatious litigant, but gave entirely new, never-before-raised reasons for why she was doing it, reasons I had no prior notice of and therefore no opportunity to defend against. The district court also ordered, without giving me due process, to permanently delete files on my computer that were lawfully obtained.

6. The next day, I filed a motion to vacate judgment, pointing out that the court had failed to consider numerous properly-raised arguments, and pointing out the egregious due process violations that she had subjected me to.

7. Six months went by, and when the district court finally ruled on the motion, she summarily denied it while making precisely zero findings of fact. She never actually addressed the half a dozen issues that I pointed out that she failed to address.

8. This timely appeal ensued.

## SUMMARY OF ARGUMENT

1.      First, the district court committed an obvious violation of my due process rights by declaring me a vexatious litigant after only two cases in the district, which isn't nearly enough time to properly call me a vexatious litigant.

2.      Second, the district court violated my due process rights by inventing new grounds for declaring me a vexatious litigant that were not previously raised, meaning I had no opportunity to respond to those allegations, which is a violation of my due process rights.

3.      Third, the district court continued to violate my due process rights by issuing an order for me to delete my computer files without first giving me an opportunity to show cause why I shouldn't have to do that, which is a flagrant violation of my due process rights at the most basic level.

4.      Fourth, the district court's finding of fair use was so arbitrary and so lacking in any/all findings of fact that it warrants summary reversal.

5.      Third, the district court made an equally arbitrary denial of my motion to vacate judgment, which itself justifies summary reversal.

## ARGUMENT

1.      For the foregoing reasons, the district court's judgment should be summarily reversed.

### Declaring me a vexatious litigant after only two cases

2.      The District Court declared me a vexatious litigant after only two cases[1] were filed and lost by me. Put simply, that is not enough cases to warrant declaring me vexatious. In Arkansas, I was declared vexatious only after filing more than twenty lawsuits. Under California state law, a pro se litigant can only be declared vexatious after filing and losing no fewer than five cases. See CA Code of Civil Procedure § 391(b)(1).

3.      The Defendants' sole grounds for declaring me a vexatious litigant seems to be that I was similarly declared in my home state, many years ago. That, however, proves nothing. There is no law saying that such declarations necessarily apply nationwide. At best, the Defendants should have to show some cause as to why it should carry over to California as well, which they have not done.

---

1  It could have been three, but after filing the instant case, a motion for reconsideration in another case was granted in part and that case was reopened. See Dkt. 42 (Statement of Recent Decision) in the instant case.

4.  The closest they get to offering cause as to why it should carry over to California is because I am only filing the current lawsuit in an effort to silence criticism. But they have offered precisely zero evidence in support of this outlandish claim. Therefore, they should not be allowed to prevail on a claim they make no effort to prove.

5.  Because the District Court's declaration that I am vexatious was undeniably premature, full briefing on the merits is not necessary, and the judgment should be summarily reversed.

### Declaring me a vexatious litigant via a "trial by ambush"

6.  In an attempt to make her declaration against me appear somewhat justified, the district court tossed out the grounds the defendant raised for having me be declared vexatious in favor of deciding that the quality and quantity of motions I have filed warrants declaring me a vexatious litigant.

7.  There are two reasons why this warrants reversal: First, because this was an entirely new grounds, I had no notice of it and therefore no opportunity to make a case in my defense. Therefore, it is an ex parte ruling that violated my right to due process of law.

8.  Second, even if the grounds for recusal was properly before the court, the district court still never actually gave any specific findings of fact to prove that the amount of motions I have filed in that case was excessive or that the individual motions were frivolous. It was entirely unsupported by the evidence.

9.  Therefore, the declaration should be overturned, both because it was an unconstitutional deprivation of my right to due process, and also for clear factual error.

10. Summary reversal is warranted because the due process violations were flagrant, and also because of the fact that the judge didn't even *attempt* to justify her conclusory and broad factual findings with specific factual citations, so it is automatically against the clear weight of evidence. No amount of briefing on the merits can possibly change the fact that her evidence in support of her findings of fact were *literally nonexistent*.

### Summarily punishing me for recording phone calls giving me due process first.

11. I recorded the 26(f) conference with the defense counsel. Because both I and defense counsel were from one-party consent states (Arkansas and New York, respectively), this was legal. However, when I used that recording in a later pleading as proof that the defense counsel was lying about their confidence in winning the case, the judge summarily decided that any/all

phone recording was automatically illegal, regardless of the circumstances or jurisdiction, and summarily ordered me to delete the recordings.

12.     Just like with the alternative grounds for declaring me a vexatious litigant, this order came entirely out of nowhere. I was never given any notice of the charges against me and no opportunity to tell my side of the story. When I filed the motion for reconsideration, explaining that what I did was legal, the judge completely ignored it and still ordered me to show cause why I should not be held in contempt of court for failure to follow its order to delete the recording. Even when the Court finally ruled on my Motion for Leave to File Motion for Reconsideration, she completely ignored my arguments about why the order to delete the footage should be revoked.

13.     The District Court should have given me an opportunity to show cause why I should nto be made to delete the footage *before* it entered an order for me to delete it. That's literally the bare minimum of "due process of law." Therefore, because the district court failed utterly to comply with even the most basic standards of due process, the judgment of the district court should be reversed.

### Summarily adjudicating most of the fair use factors with absolutely no factual findings made in support thereof.

14.     While I certainly intend to argue in the brief on the merits (should this motion be denied) various reasons why the district court abused its discretion when she found the direct infringer's channel icon to be fair use, there is one grounds in particular that justifies summary reversal: Her decision was entirely arbitrary and not based on any objective findings of fact.

15.     Bear in mind that, on a motion to dismiss, district courts must do two things: First, it must "accept as true all well-pleaded allegations," and second, it must "construe them in the light most favorable to the non-moving party." See Hampton v. California, 83 F. 4th 754, 761 (9th Cir. 2023).

16.     When deciding that (A) the underlying infringement was noncommercial, (B) the original stream was of minimal creativity, (C) the underlying infringement did not steal the "heart" of the original stream, and (D) the underlying infringement did not undermine my derivative markets, at no point did she make even one single solitary finding of fact, with references to the record, to support such determinations. Literally, she just found that they weighed in favor of the

defendants solely because she said so. No evidence, no reasoning, no logic whatsoever. These factors favor fair use because they just do.

17.　　Even if that may end up being true after discovery, it was an egregious error for her to make that determination (A) on a motion to dismiss, and (B) with no findings of fact whatsoever in support thereof.

18.　　In regards to the issue of commercialization, she even literally admits that the level of commerciality is ambiguous when she says "it is unclear whether the icon is being used for a commercial purpose." Because she is not 100% certain that it is a noncommercial use, she is required, under the standards of a motion to dismiss, to presume that it is commercial until it is proven otherwise.

19.　　The judge says "there are no allegations to suggest" that the infringing use was commercial. However, she forgets that I am not required to make those factual allegations in the Complaint. See Peterman v. Republican National Committee, 320 F. Supp. 3d 1151, 1157 (MT 2018) ("[I]t is not necessary to plead facts that disprove fair use to survive a Rule 12(b)(6) motion to dismiss"). Fair use is an affirmative defense. It is the *defendants'* job to bring the case for fair use, not mine. "Not much about the fair use doctrine lends itself to absolute statements, but the Supreme Court and our circuit have unequivocally placed the burden of proof on the proponent of the affirmative defense of fair use." See Dr. Seuss Enterprises, LP v. COMICMIX LLC, 983 F. 3d 443, 459 (9th Cir. 2020); cert denied 141 S.Ct. 2803 (2021).

20.　　Regarding the second factor, her actual analysis of how she decided that factor in the defendants' favor consists of merely a single sentence: "While Plaintiff presented his opinions in the livestream, the work is undoubtedly more informational than creative." That's it. That's her whole logic. No explanation as to how she came to that conclusion, no specific findings of fact, e.g. specific observations or actual analysis of what counts as being creative versus informational. No nothing. It's more informational than creative simply because she says so.

21.　　For the third factor, the Court summarily and arbitrarily found that the infringing icon did not capture the "heart" of the work because "Plaintiff cites no authority to support this argument." Of course, since this was only a motion to dismiss and not a motion for summary judgment, I *wasn't required* to cite an authority in support of that argument. The Court had to take my factual allegations as true from the outset; the time to "prove it" would arrive later. Even

then, it is the Defendant's burden to prove that the icon didn't use the heart, not my burden to prove that it did; see Peterman, supra and Dr. Suess, supra.

22.     The district court then goes on to say that she "is not persuaded by Plaintiff's argument," but that is not her decision to make in a motion to dismiss. She *has* to accept the facts as true and in a light most favorable to the plaintiff. This means she has to accept that the icon used the heart of the work for the time being, and then work from there. Since she obviously didn't do that, she has committed reversible error.

23.     Last but not least, the Court found that the icon is not a market substitute, but just like with the other factors, she fails to provide even one single solitary finding of cast-iron objective fact in support of this broad, conclusory statement. It's not a market substitute simply because she says it's not a market substitute.

24.     Because it is clear that the judge never actually considered any of the four factors, but instead gave threadbare, conclusory, and arbitrary statements that were wholly unsupported by anything in the record, she has committed an egregious reversible error. Furthermore, because it is not reasonably likely that a full briefing on the merits plus oral argument will overcome the fact that she acted entirely arbitrary, summary reversal is warranted.

**Arbitrary and summary denial of motion to vacate judgment**

25.     While I certainly intend to argue in the brief on the merits (should this motion be denied) various reasons why the district court abused its discretion when she denied the motion for leave to file motion for reconsideration and motion to vacate judgment, there is one grounds in particular that justifies summary reversal: Her denial was entirely arbitrary.

26.     She claims that I "did not point to factual or legal mistakes that were inadvertent or surprising under the appropriate legal standards." Bear in mind that she is not stating that my arguments are frivolous, meritless, or unpersuasive. She is saying that my arguments are nonexistent, that there is nothing for her to even rebut.

27.     This, however, is simply not true, and in fact is disproven from even a cursory review of my Motion to Vacate Judgment. ¶¶ 19-70 of the Motion to Vacate list out numerous factual and legal mistakes. Chief among them include, the fact that the Court blatantly ignored are the "unclean hands" doctrine as an exception to fair use (see ¶¶ 37-55). Her complete failure to address these issues is proof that she is maliciously seeking to throw the case out by any means

necessary.

28. Because of her summary and arbitrary refusal to even acknowledge the numerous arguments that were presented to her, this Court should summarily reverse the order of the district court and order her to address the numerous factual and legal mistakes I bring before the Court.

### No Forfeit of other grounds for appeal

29. By filing this motion for summary reversal, I am not forfeiting the right to file a full Appellant Brief and litigate all of the other reasons why the District Court's judgment should be vacated and remanded, including but not limited to …

 (a) The District Court committed clear error when it found the infringing icon to be transformative.

 (b) The District Court committed reversible error when it failed to consider unclean hands as a counter-defense to fair use, despite me putting it properly before the Court.

 (c) The District Court abused its discretion by denying leave to amend the complaint.

30. All of these issues will be fully argued in the Appellant Brief should one need to be filed. I did not include them here because, as novel issues of law, I concede that they cannot be disposed of on a motion for summary reversal, as they are not bright-line rules. These issues are not forfeited.

31. Of course, if this Court were to grant this Motion for Summary Reversal, I may not have to submit the full Appellant Brief. The remaining issues would then need to be relitigated in the District Court before they can be appealed again.

## CONCLUSION

32. Wherefore, premises considered, I respectfully pray that the judgment be summarily reversed, and for any other relief to which I may be entitled.

So requested on this, the 3rd day of April, 2024.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com
