No. 24-1936

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

DAVID A. STEBBINS,

*Plaintiff-Appellant,*

v.

GOOGLE LLC,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
Case No. 3:23-cv-00322-TLT
Hon. Trina L. Thompson

---

## DEFENDANT-APPELLEE GOOGLE LLC'S OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY REVERSAL

JEREMY P. AUSTER
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
jauster@wsgr.com

*Attorney for Defendant-Appellee Google LLC*

## CORPORATE DISCLOSURE STATEMENT

Under Federal Rule of Appellate Procedure 26.1, the undersigned counsel for

Defendant-Appellee Google LLC states as follows:

- Google LLC is a subsidiary of XXVI Holdings, Inc., which is a subsidiary of Alphabet Inc., a publicly traded company. No publicly traded company holds more than 10% of Alphabet, Inc.'s stock.

Date: April 15, 2024          WILSON SONSINI GOODRICH & ROSATI
                              Professional Corporation


                              /s/ *Jeremy P. Auster*
                                  Jeremy P. Auster

                              *Attorneys for Defendant-Appellee Google LLC*

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ....................................................................1

BACKGROUND ....................................................................4

I.    APPELLANT'S HISTORY OF FILING FRIVOLOUS LAWSUITS
      AND WASTING JUDICIAL RESOURCES...................................4

II.   DISMISSAL OF THE UNDERLYING ACTION.........................7

ARGUMENT ......................................................................11

CONCLUSION ....................................................................14

i

# <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

## CASES

*Stebbins v. Bradford*,
    2013 WL 3366289 (W.D. Ark. July 5, 2013),
    *aff'd*, 552 F. App'x 606 (8th Cir. 2014) ......................................................5

*Stebbins v. Google, Inc.*,
    2011 WL 5150879 (N.D. Cal. Oct. 27, 2011) ...................................................4

*Stebbins v. Google LLC*,
    No. 23-CV-00322-TLT,
    2023 WL 6139454 (N.D. Cal. Aug. 31, 2023) .....................2, 8, 9, 10, 12, 13

*Stebbins v. Microsoft, Inc.*,
    2012 WL 12896360 (W.D. Wash. Jan. 13, 2012),
    *aff'd*, 520 F. App'x 589 (9th Cir. 2013) .....................................................1, 5

*Stebbins v. Polano*,
    No. 21-cv-04184-JSW,
    2022 WL 2668371 (N.D. Cal. July 11, 2022) ...........................................6, 7

*Stebbins v. Rebolo*,
    No. 22-cv-00546-JSW,
    2022 WL 2668372 (N.D. Cal. July 11, 2022),
    *vacated in part on reconsideration*,
    2023 WL 2699982 (Mar. 28, 2023).....................................................6, 7, 11

*Stebbins v. Stebbins*,
    2013 WL 6182991 (W.D. Ark. Nov. 26, 2013),
    *aff'd*, 575 F. App'x 705 (8th Cir. 2014) .....................................................4, 5

*Stebbins v. Texas*,
    2011 WL 6130403 (N.D. Tex. Oct. 24, 2011) ...........................1, 5, 7, 11, 13

## STATUTES

17 U.S.C. § 107........................................................................................12

ii

**RULES**

Fed. R. Civ. P. 26(f) ................................................................14

Fed. R. Civ. P. 60(b)(1) ...........................................................14

## INTRODUCTION

Appellant David A. Stebbins—a *pro se* individual who posts videos on YouTube under the alias "Acerthorn"—is a twice-declared vexatious litigant with a more than decade-long history of filing frivolous lawsuits and appeals across the country. This is the second time that he has needlessly burdened this Court (and Appellee Google LLC ("Google")) with a baseless summary reversal motion; the last one was summarily denied in a one-sentence order. *See Stebbins v. Polano*, No. 23-15531, Dkts. 2, 17 (9th Cir. April 10, 2023). As one federal court aptly noted, "time spent dealing with Mr. Stebbins' filings prevents the Court from addressing the genuine, vexing problems that people trust the Court to resolve quickly and fairly." *Stebbins v. Microsoft, Inc.*, 2012 WL 12896360, at *1 (W.D. Wash. Jan. 13, 2012), *aff'd*, 520 F. App'x 589 (9th Cir. 2013).

In recent years, Appellant has set his sights on the Northern District of California, burdening its courts with frivolous "copyright infringement" lawsuits against anyone who, for purposes of criticizing Appellant, posts or displays content online containing even the faintest echoes of what Appellant says are his copyrighted videos. Because Google and its subsidiary, YouTube, LLC, allegedly host some of these third-party posts on the YouTube service, Appellant has named Google and its affiliates as defendants in several of those lawsuits. The underlying action against Google is one such case. In dismissing it with prejudice, District Judge Trina L.

Thompson held that Appellant could not state a claim for copyright infringement because the allegedly infringing image at issue was a fair use of Appellant's copyrighted video. *Stebbins v. Google LLC*, No. 23-CV-00322-TLT, 2023 WL 6139454, at *8 (N.D. Cal. Aug. 31, 2023) ("*Stebbins*"). Judge Thompson summarized the action as follows:

> [I]t appears that the motive for Plaintiff's filing of the instant and similar lawsuits are to stop harassment from other users online. For example, Plaintiff's claim in this case is against Acerthorn the True Acerthorn, a YouTube channel allegedly set up to harass him. During a case management conference before the Court, Plaintiff stated that he seeks to stop the harassment directed against him. However, that is not a proper use of copyright law.

*Id.* at *10.

In addition to dismissal, Judge Thompson's order also declared Appellant a vexatious litigant in the Northern District of California, and imposed a pre-filing screening order applicable to any future lawsuits against Google and its affiliates, any future copyright claims against any defendants, and any lawsuits in which Appellant seeks to proceed *in forma pauperis*. *Stebbins*, 2023 WL 6139454, at *11. As Judge Thompson explained, those sanctions were based on a review of an "extensive list" of cases filed by Appellant in numerous courts over nearly fifteen years, the "hundreds of motions" he filed in many of those cases that had "little merit," and Appellant's weaponization of copyright law to assert "claims of little merit against his critics." *Id.* at *9-10.

2

After Judge Thompson denied Appellant's motions to set aside judgment and for leave to file a motion to reconsider (D. Ct. Dkt.[1] 87), Appellant filed this appeal. D. Ct. Dkt. 88. Before the Court is Appellant's Motion for Summary Reversal (the Dkt. 3, the "Motion" or "Mot."), which asks this Court, *inter alia*, to reverse Judge Thompson's order dismissing the case and declaring Appellant a vexatious litigant, and to reverse her order denying Appellant's motions to set aside judgment and for leave to file a motion to reconsider. Mot. at 4-10. Appellant also gestures at other issues he believes are raised by his appeal, but admits that "they cannot be disposed of on a motion for summary reversal." Mot. at 9.

The Motion, like the underlying case, is specious. Pursuant to Circuit Rule 3-6, if the Court determines that "clear error" requires "reversal or vacation of the judgment or order appealed from," or that "it is manifest that the questions on which the decision in the appeal or petition for review depends are so insubstantial as not to justify further proceedings," then "the Court may . . . issue an appropriate dispositive order" at "any time prior to the completion of briefing." C.R. 3-6(a)(1)-(2). Though Appellant seeks the extraordinary remedy of summary reversal, he does not even mention Rule 3-6, or cite any legal authority to establish that its conditions are met. They are clearly not.

---

[1] All references to "D. Ct. Dkt." that are not preceded by a case name refer to the underlying action, *Stebbins v. Google LLC*, No. 3:23-cv-00322-TLT (N.D. Cal. filed January 20, 2023).

3

If the Motion accomplishes anything, it is to reveal that there is ample basis for this Court to issue a summary ***affirmance***, since each issue Appellant raises is "so insubstantial as not to justify further proceedings[.]"  C.R. 3-6(a)(2) ("[T]he Court may, upon motion of a party, or after affording the parties an opportunity to show cause, issue an appropriate dispositive order."). Short of that, this meritless appeal should be disposed of pursuant to this Court's ordinary briefing procedures. *See* C.R. 31-2.1.[2]

## **<u>BACKGROUND</u>**

### I.　APPELLANT'S HISTORY OF FILING FRIVOLOUS LAWSUITS AND WASTING JUDICIAL RESOURCES

In 2013, Appellant's home district, the Western District of Arkansas, declared him a "vexatious" litigant who has "abused the system" with "a history of filing ultimately meritless cases upon which the Court has been forced to expend countless hours of time and judicial resources." *Stebbins v. Stebbins*, 2013 WL 6182991, at \*1 (W.D. Ark. Nov. 26, 2013) (imposing multi-faceted pre-filing screening order), *aff'd*, 575 F. App'x 705 (8th Cir. 2014). In 2014, the Eighth Circuit noted that Appellant had "proceeded in forma pauperis on at least sixteen complaints that proved meritless[.]" 575 F. App'x at 705. Federal courts across the country have agreed, dismissing Appellant's lawsuits as patently frivolous. *See, e.g.*, *Stebbins v.*

---

[2] The Court set May 13, 2023 as the deadline for Appellant to file his opening brief. Dkt. No. 2.

4

*Google, Inc.*, 2011 WL 5150879, at \*4-5 (N.D. Cal. Oct. 27, 2011) (*sua sponte* dismissal of "clearly baseless" and "frivolous" case based on "an indisputably meritless legal theory"); *Stebbins v. Texas*, 2011 WL 6130403, at \*3 (N.D. Tex. Oct. 24, 2011) (dismissing "frivolous claims" based on "fantastic or delusional scenarios that are clearly irrational and incredible"), *report and recommendation adopted*, 2011 WL 6130411 (Dec. 9, 2011); *Stebbins v. Bradford*, 2013 WL 3366289, at \*2 (W.D. Ark. July 5, 2013) (dismissing "patently frivolous" claims based "entirely on [Appellant's] suspicions and theories"), *aff'd*, 552 F. App'x 606 (8th Cir. 2014); *Stebbins v. Microsoft, Inc*., 2012 WL 12896360, at \*1 (dismissing "frivolous lawsuit" that was "wildly untethered from any valid interpretation of contract and arbitration law").

Numerous courts have also admonished Appellant for his unceasing pattern of filing nonstop, nonsensical motions that have likely wasted thousands of hours of judicial resources. *See, e.g.*, *Stebbins v. Stebbins*, 2013 WL 6182991, at \*1 ("Not only has [plaintiff] filed numerous cases, but he has also filed over one hundred motions within those cases, some of which have been repetitive, and few of which have had any merit."); *Stebbins v. Microsoft, Inc.*, 2012 WL 12896360, at \*1.

As pertains to this Court specifically, Appellant has filed at least three specious mandamus petitions in the Ninth Circuit, all of which were summarily denied in one-page orders. *See Stebbins v. USDC-CASJ*, No. 11-72595, Dkt. 3 (9th

5

Cir. Nov. 15, 2011) (denying petition to order district court to grant his motion for default judgment against Google to confirm a non-existent "arbitration award," even though Google was never served and no arbitration ever occurred), *Stebbins v. USDC-CAOAK*, No. 22-70132, Dkt. 3 (9th Cir. July 12, 2022) (denying petition to order district court not to consider Alphabet Inc.'s arguments as to why his case should be dismissed), and *Stebbins v. USDC-CAOAK*, No. 22-70269, Dkt. 3 (9th Cir. Jan. 26, 2023) (denying petition complaining that district court was taking too long to rule on a motion).

More recently, as mentioned, Appellant has filed several meritless copyright infringement lawsuits against Google and its affiliates, as well as third-party users of the YouTube service. As Senior District Judge Jeffrey S. White noted in dismissing one of those cases, "Plaintiff clearly feels aggrieved by comments made about him online ..., but that does not mean Plaintiff has a viable copyright claim." *Stebbins v. Polano*, No. 21-cv-04184-JSW, 2022 WL 2668371, at *5 (N.D. Cal. July 11, 2022) ("*Polano*"). Judge White also ruled, in dismissing another case of the same ilk in a screening order, that Appellant's repeated "attempt to manufacture and pursue ultimately meritless copyright infringement claims in an effort to silence online criticism smacks of bad faith and abuse of the Court system." *Stebbins v. Rebolo*, No. 22-cv-00546-JSW, 2022 WL 2668372, at *3 (N.D. Cal. July 11, 2022)

("*Rebolo*")[3], *vacated in part on reconsideration,* 2023 WL 2699982 (Mar. 28, 2023).

In those cases, Judge White warned Appellant at least ***six times*** "that if he persists in filing frivolous or meritless lawsuits, the Court may impose sanctions, bar him from filing further actions without prior approval, and/or deem him a vexatious litigant." *Id.*; *accord Polano*, 2022 WL 2668371, at *5 (issuing same warning); *Polano*, Dkts. 134 at 1, 143 at 1-2, and 147 at 2 (same); *Rebolo*, Dkt. 19 at 2 (same).

Appellant's appeal of Judge White's dismissal order in *Polano* is presently awaiting decision by this Court. *Stebbins v. Polano*, No. 23-15531 (9th Cir. April 10, 2023). There, as here, Appellant opened his appeal with a baseless motion for summary reversal (*id.* at Dkt. 2), which this Court summarily denied in a one-sentence order. *Id.* at Dkt. 17.

## II.    DISMISSAL OF THE UNDERLYING ACTION

In January 2023, Appellant filed the underlying action against Google, after a third-party YouTube user created a channel devoted to criticizing Appellant, and posted a small picture of Appellant's face as an icon for the channel, superimposed with the phrase "ACERTHORN LAWS"—an unmistakable and critical reference to

---

[3] Judge White subsequently vacated that judgment and permitted Appellant a "final opportunity" to attempt to amend certain claims in *Rebolo*, but in so doing Judge White stated that Appellant "has not provided any additional information suggesting that he can cure the defects in his pleading through amendment, and the Court has doubts about his ability to do so." 2023 WL 2699982, at *2. *Rebolo* is currently stayed pending Appellant's *Polano* appeal, and Judge White has not yet screened Appellant's amended complaint. *Rebolo*, D. Ct. Dkts. 32-34.

Appellant's abuse of the legal system. *Stebbins*, 2023 WL 6139454, at *1, *6-*7. Claiming that the picture of his face is a split-second snapshot from a four-hour livestream video that he registered with the United States Copyright Office, Plaintiff sued Google for secondary copyright infringement for allegedly hosting the channel icon on YouTube. *Id.* at *1.

On March 6, 2023, Google filed a motion to dismiss Appellant's complaint and to declare him a vexatious litigant. *Id.* at *1. Google's motion argued, *inter alia*, that the channel icon at issue was a fair use of Appellant's copyrighted video, and that because the icon did not directly infringe Appellant's copyright, Google could not be held liable for secondary infringement. *Id.*; *see also* D. Ct. Dkt. 31 at 9-19, Dkt. 41 at 4-12. Google's motion also requested that Plaintiff be declared a vexatious litigant in the Northern District of California, and that the District Court impose a pre-filing screening order applicable to future cases that Appellant files in that District. *Stebbins*, 2023 WL 6139454, at *1, *8-*11; D. Ct. Dkt. 31 at 19-25, Dkt. 41 at 12-15.

On August 31, 2023, the District Court granted Google's motion, holding that the allegedly infringing channel icon was a fair use of Appellant's video and dismissing Appellant's copyright infringement claim without leave to amend. *Stebbins*, 2023 WL 6139454, at *5-*8. As the District Court explained, since "all of the fair use factors" weighed in favor of a finding of fair use, "it would be futile to

8

allow … Plaintiff to amend" because "there are no additional allegations that can remedy Plaintiff's claim." *Id.* at *8.

In that same order, the District Court also declared Appellant a vexatious litigant, finding that each element of the applicable four-factor test was satisfied. *Id.* at *8-*11. Given Appellant's repeated abuse of the *in forma pauperis* status generally conferred on him, and his filing of numerous meritless lawsuits and copyright claims against Google, its affiliates, and various third parties, the District Court also imposed a multi-faced pre-screening order. *Id.* at *11. The screening order requires that for any future actions in the Northern District of California "against Google LLC, YouTube LLC, Alphabet Inc., or any of their affiliates," or "any claim of copyright infringement or copyright-related claims against any defendant," Appellant "must first provide a copy of his complaint and this Order to the Clerk of this Court, along with a letter requesting the complaint be filed. The Clerk shall then forward the complaint, letter, and copy of this Order to the Duty Judge for a determination whether the complaint should be accepted for filing." *Id.* The order also requires that "in any future action in this District in which Mr. Stebbins seeks to proceed *in forma pauperis*, a copy of this Order shall be attached to the application seeking to proceed *in forma pauperis* along with a statement

seeking screening of the complaint and a statement explaining why the action should be allowed to proceed." *Id.*[4]

The District Court's order also separately denied a bevy of baseless and procedurally improper motions that Appellant had filed in an attempt to avoid dismissal of his copyright claim. *Id.* at *1-*5. This included an improper motion to strike Google's motion to dismiss, an improper motion for summary judgment (which sought an advisory opinion regarding Google's fair use defense), and a motion for leave to file an amended complaint that Plaintiff filed six months after filing his complaint and *after* his own summary judgment motion and Google's motion to dismiss were fully briefed and awaiting resolution. *Id.* at *2-*4. In denying Appellant's motion for leave to amend, the District Court explained, *inter alia*, (i) that Appellant was "dilatory in seeking th[e] amendment"; (ii) that the motion improperly supplemented Appellant's argument in response to Google's fair use defense; and (iii) that Google "would be prejudiced by Plaintiff's proposed amendment" given the resources it expended briefing its motion to dismiss and Appellant's many other baseless motions. *Id.* The District Court also stated that it was "deeply concerned that Plaintiff seeks to amend due to bad faith," and that his

---

[4] Appellant already violated this portion of the District Court's order when he filed an improper application requesting that the District Court grant him *in forma pauperis* status for the instant appeal, but failed to attach the District Court's vexatious litigant order to his request, as required. *See* D. Ct. Dkt. 91.

request was "indicative of 'blatant gamesmanship'"" and the type of efforts to "manipulate the judicial system" that Judge White had repeatedly admonished him for in *Polano* and *Rebolo. Id.* at *3.

After the District Court dismissed the case, Appellant filed motions to vacate the court's judgment and for leave to file a motion for reconsideration. D. Ct. Dkts. 73, 80. The District Court denied those motions (D. Ct. Dkt. 87), and Appellant filed this appeal. D. Ct. Dkt. 88. And then this motion.

## ARGUMENT

Appellant argues that the District Court's judgment should be summarily reversed and the case remanded for three primary reasons: (1) the District Court "committed clear error" when it held that the allegedly infringing icon was a fair use, including because it made "absolutely no effort to support" that holding (Mot. at 3, 6-9); (2) the District Court committed clear error and violated Appellant's due process rights when it declared him a vexatious litigant after he "filed and lost" "only two cases" in the Northern District of California (*id.* at 4-5); and (3) the District Court "arbitrarily" denied Appellant's motions to vacate judgment and for leave to file a motion for reconsideration (*id.* at 4, 8–9). These arguments are all meritless.

***First***, there is zero truth to Appellant's assertion that the District Court's fair use holding was "entirely arbitrary" and that "the judge never actually considered any of the four factors." Mot. at 3-4, 6-7, 8. The order specifically discussed each of

11

the four statutory fair use factors (*see* 17 U.S.C. § 107), and explained why they all counseled in favor of fair use: (1) the channel icon was plainly a "transformative use" intended "to criticize" Appellant, as he "confirmed…in his opposition" by acknowledging that the "entire purpose" of the channel was to criticize him (*Stebbins*, 2023 WL 6139454 at *6); (2) the nature of Appellant's copyrighted video, which depicted a discussion about a video game, was "more informational than creative"—unlike, for example, a novel—and thus only entitled to "thin" copyright protection (*id.* at *7*); (3) "the amount and substantiality of the portion" of Appellant's video that the channel icon used was infinitesimal—"one video frame from the almost four-hour video" (*id.*); and (4) it was "not reasonable to suggest that the allegedly infringing icon has any significant effect on the [market for the] copyrighted video," since a single screenshot obviously cannot supplant any commercial market for a four-hour video (though Appellant never actually alleged that any such market exists) (*id.* at *8).

Appellant's suggestion that the District Court somehow failed to "accept the facts" he pleaded as true also distorts the record (Mot. at 8), since its fair use findings were based on Appellant's own allegations and the documents incorporated by reference into his complaint (including the copyrighted video and the allegedly infringing channel icon), all of which readily established that the factors were satisfied. *Stebbins*, 2023 WL 6139454, at *6.

12

***Second***, Appellant claims that the District Court violated his due process rights by declaring him a vexatious litigant based on only "two" prior cases, and that he had "no opportunity to make a case in my defense." Mot. at 4-5. That is also patently false. The District Court applied the Ninth Circuit's established four-factor test in declaring Appellant vexatious, including by compiling "an adequate record for review" that included ***eight*** prior cases filed by Appellant (among the "extensive list" that Google provided), in addition to the "hundreds of motions that have little merit" that Appellant filed in those cases, and his many motions in the underlying case. *Stebbins*, 2023 WL 6139454, at *8-*10. Appellant also *did* have "an opportunity to file and did file an opposition." *Id.* at *8. There was no due process violation.

***Third***, Appellant argues that the District Court abused its discretion by "arbitrarily" denying his motions to vacate judgment and for leave to file a motion for reconsideration, and that it did so because it "maliciously" sought to "throw the case out by any means necessary." Mot. at 8-9. Again, that is untrue. There is absolutely no evidence that Judge Thompson acted "maliciously" in dismissing Appellant's case. This has become Appellant's now well-worn pattern—he files a baseless lawsuit, a court dismisses the lawsuit, and he claims that the dismissal was motivated by a grudge or malice. His pending appeal in the *Polano* case is based on the same theory. *See Stebbins v. Polano*, No. 23-15531, Dkt. 10 (repeatedly claiming

13

that Judge White has a "grudge against me"). Nor was the District Court's order arbitrary. As the order explained, Appellant's motion to vacate did not meaningfully engage with the relevant legal standard under Fed. R. Civ. P. 60(b)(1), it largely repeated merits arguments that the District Court had already considered and rejected in its dismissal order, and it only served as "further evidence that [Appellant] should not have access to the Court's filing system as a vexatious litigant." D. Ct. Dkt. 87 at 4. And Appellant's motion for leave to file a motion for reconsideration was denied because it was procedurally improper (*id.*), which Appellant does not even dispute in his Motion.

Finally, Google agrees with Appellant that the other issues purportedly raised by his appeal—including the District Court's denial of his motion for leave to amend his complaint, and its admonition in response to Appellant's surreptitious recording and public posting of a Fed. R. Civ. P. 26(f) conference with Google's counsel—can be addressed pursuant to the briefing schedule this Court has already entered. Mot. at 5-6, 9.

## **CONCLUSION**

For the foregoing reasons, Appellant's Motion should be denied.

14

Date:  April 15, 2024

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ *Jeremy P. Auster*
Jeremy P. Auster
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
jauster@wsgr.com

*Attorney for Defendant-Appellee*
*Google LLC*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32 and Circuit Rule 28.1-1, the undersigned counsel for Defendant-Appellee Google LLC certifies that this brief complies with the appellate type-volume limitations and type-face requirements. The brief contains 3,396 words, excluding portions exempted by Fed. R. App. P. 32(f), and has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Times New Roman font.

Date: April 15, 2024          Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


/s/ *Jeremy P. Auster*
Jeremy P. Auster
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
jauster@wsgr.com

*Attorney for Defendant-Appellee*
*Google LLC*

16

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished through the appellate CM/ECF system.

Date: April 15, 2024      Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ *Jeremy P. Auster*
Jeremy P. Auster
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
jauster@wsgr.com

*Attorney for Defendant-Appellee*
*Google LLC*