UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DAVID STEBBINS                                                                                          APPELLANT

VS.                                              CASE 24-1936

GOOGLE LLC                                                                                              APPELLEE

### REPLY IN SUPPORT OF MOTION FOR SUMMARY REVERSAL

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply in Support of Motion for Summary Reversal in the above-styled action.

**No opposition to summary reversal on the issue of recording phone calls**

1. First, it is worth noting that Appellees entirely ignore my argument that the judgment should be summarily reversed in part because the District Court arbitrarily and out of nowhere violated my right to record phone calls without giving me due process first. See ¶¶ 11-13 of the Motion for Summary Reversal. This alone justifies summary reversal and is entirely uncontested by Appellees.

**Defendants do not attempt to show that the District Court's finding of fair use was supported by any more specific findings of fact than what I allege. They instead insist that this was enough to justify the judgment.**

2. When defending the District Court's finding of fair use, the Defendants do not attempt to argue that the district court's findings of fact are any more thorough than what I alleged in the motion. They admit (as they must) that the findings pertaining to each of the four factors are limited to a single sentence each. Instead, the appellees insist that this is all the district court needs.

3. Put simply, this is untrue. As I pointed out, these are complex factual questions that should require detailed findings of fact. Instead, the Court simply declared the icon to be fair use based on no findings of fact whatsoever.

4. Additionally, the Appellees tellingly make no effort at all to justify the District Court's finding that the use was noncommercial. By the District Court's own admission, it was "unclear whether the icon is being used for a commercial purpose." That alone should have defeated that portion of the motion to dismiss for failure to state a claim. Appellees make no effort to argue against that point.

5. Appellees cite to no legal authority stating that a single sentence per factor is enough to

Case No. 24-1936                                -1-                          Motion for Summary Reversal

justify a finding of fair use. Therefore, the Court should summarily reverse the judgment as being significantly unsupported by any factual findings, but instead based on the judge's conclusions and conjecture.

**Defendants insist that the cases from another district were relevant to the determination, even though they are not.**

6. Appellees insist that it was not two cases, but eight, which I had lost which justifies declaring me a vexatious litigant in the Northern District of California. To reach this conclusion, they have to pull from years-old cases in an entirely separate district, which have already been adjudicated.

7. Appellees appear to argue that, because this one thing happened over a decade ago, in an entirely separate district, that I deserve to have the courthouse doors closed to me in *every* district, for the rest of my life. It doesn't matter if *this* case is nonfrivolous (which, to reiterate, the District Court already affirmatively admitted to). It doesn't matter if this is years later and that I've grown a lot since then. It doesn't matter if such lifelong consequences are actually necessary to accomplish any legitimate state purpose. None of that matters. All that matters is ... pre-existing declaration, therefore I should be forever branded in all districts.

8. Even California state law – which I alluded to earlier – would not be applicable to me if we were to incorporate my previous cases. California's "vexatious litigant" statute requires that I must have filed and lost at least seven pro se, non-small claims court cases *in the past five years* in order to be declared a vexatious litigant. See CA Code of Civil Procedure § 391. The other cases are well outside that time frame. While it is true that federal courts are not bound by state law in this regard, it nevertheless puts into perspective just how arbitrary and trigger-happy the district court's judgment was, and so it should be summarily reversed.

**The District Court arbitrarily declared that the "hundreds" of motions in these (already irrelevant) cases from another district were "without merit," but make absolutely no findings of fact whatsoever to support this bold declaration.**

9. Next, Appellees defend the District Court's decision to declare me vexatious by pointing out that the District Court recognized that I had filed "hundreds" of motions in the previous cases that were "without merit."

10. First of all, the Appellees tellingly do not address the argument that I had raised as the

primary grounds for summary reversal: That the grounds the Defense gave in their motion for declaring me a vexatious litigant (that I had filed numerous meritless copyright infringement lawsuits) was defeated by the District Court's own admission (because she admitted that the lawsuit was not frivolous, even if it might be subject to dismissal), but she instead substituted her own grounds for declaring me a vexatious litigant (the motions I had filed), and it was this new grounds, not the original grounds, that I had no opportunity to argue against. Appellees make no effort to argue against this; they summarily dismiss it in a single sentence, when they state "Appellant also did have 'an opportunity to file and did file an opposition,'" but they do not provide one lick of evidence in support of this statement, nor can they. For this reason alone, the judgment needs to be summarily reversed.

11.     Barring that, however, the judgment should also be reversed owing to the fact that it is factually incorrect. Saying that I had filed "hundreds" of motions (with and S ... meaning "200 or more" motions) is an extraordinarily bold claim, one that the District Court makes no effort to support. But more importantly than that, she didn't simply say that I had filed "hundreds of motions" in my lifetime, but that I had filed "hundreds of motions *that have little merit*" (emphasis added). That is an exceptionally bold claim that the district court doesn't even attempt to justify with specific findings of fact. She does not, for example, create an itemized list of all the motions I have filed and given explanations as to why, exactly, they "have little merit." Obviously, if she was forced to do that, she probably would not be able to identify even half a dozen (let alone "hundreds" with an S) motions that fit that criteria. But because she decided she wanted to declare me vexatious first, and decide on a justification for that finding second, she skipped that crucial step.

12.     Just on that alone, the district court's judgment should be vacated and the case remanded with instructions to properly develop her findings, assuming it isn't reversed entirely.

**I did not say that Judge White held a grudge against me simply because he issued a sharply worded judgment againt me. I said he held a grudge against me because he *admitted on record* to considering my perfectly legal actions as factors when deciding the case.**

13.     In an attempt to portray me as being more frivolous than I actually am, the Defendants claim that me accusing the judge of prejudice is my go-to argument. To support this, they claim that, in my sub judica appeal in Stebbins v. Polano, I make the accusation that Judge White held

a grudge against me out of thin air.

14. While it is true I made that accusation, it wasn't out of thin air. I very clearly stated that my grounds for finding that Judge White held a grudge against me was the fact that he admitted to it on record. See Case 23-15531, DktEntry: 10, Page 13 of 44 ("In denying the motion to recuse, the District Court admitted to holding a grudge against me as I feared; he simply felt that he was legally exempt from recusal because of the *source* of the grudge ... he admits on-record that he used this grudge against me as a factor in deciding the motion to intervene").

15. Even if Appellees disagree heavily with this argument, that does not mean the argument is nonexistent or entirely arbitrary. Therefore, the Court should dismiss Appellees' arguments summarily.

### The district court did indeed act arbitrarily when it decided it committed no error, as evidenced by the simple fact that she provided no factual basis other than "I'm right because I am."

16. Moving onto the order denying the motion to vacate judgment and motion for leave to file motion for reconsideration, Appellees insist that the order was not arbitrary. They insist that the "motion to vacate did not meaningfully engage with the relevant legal standard under Fed. R. Civ. P. 60(b)(1)," but much like the district court, they never bother to explain exactly how the motion fell short of the bar.

17. The District Court committed neglect because she neglected to consider the multitude of arguments that I made against fair use. By simply ignoring them, she was relieved of her need to refute them, and so she proceeded to declare the icon to be fair use "just because," as I already explained. Since the District Court summarily dismissed those arguments without comment, she did indeed act arbitrary in her order.

### The Motion for Leave to File Motion for Reconsideration was properly before the court, as evidenced by the fact that Judge White already granted in part one motion in a procedurally identical position.

18. Finally, I seek summary reversal of the district court's order denying my motion for leave to file a motion for reconsideration. There, I once again pointed to about a half a dozen different arguments that were properly put before the Court that the Court completely ignored. The District Court denied the motion for leave to file motion for reconsideration, this time on the

grounds that it was not procedurally proper, since it was entered after a final judgment.

19.     This, however, is not true, as evidenced by the fact that another judge from the same district – Judge Jeffrey White – has already granted a post-judgment Motion for Reconsideration, despite being subject to the same local rules. Specifically, I am referring to Case 3:22-cv-00546-JSW (Stebbins v. Rebolo). In Dkt. 30 of that case, Judge White granted in part my motion for reconsideration, thereby re-opening the case that was already closed. Judge Thompson could easily have done the same thing. She chose not to because she was personally annoyed by me, which is why she should be made to recuse. But also, her order denying the motion for leave to file motion for reconsideration should be summarily reversed for a clear abuse of discretion.

## Conclusion

20.     Wherefore, premises considered, I respectfully pray that the Motion for Summary Judgment be granted.

So requested on this, the 21st day of April, 2024.

/s/ David Stebbins
David Stebbins
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
acerthorn@yahoo.com