**NOT FOR PUBLICATION**



**FILED**

UNITED STATES COURT OF APPEALS

JUN 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID ANTHONY STEBBINS,

        Plaintiff - Appellant,

  v.

GOOGLE LLC,

        Defendant - Appellee.

No. 24-1936

D.C. No.
3:23-cv-00322-TLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Submitted May 29, 2026[**]

Before: RAWLINSON, FRIEDLAND, and VANDYKE, Circuit Judges.

Plaintiff-Appellant David Stebbins (Stebbins) appeals the district court's

order granting Defendant-Appellee Google LLC's (Google) motion to dismiss and

to declare Stebbins a vexatious litigant. Stebbins also appeals the denial of his

motions for leave to file an amended complaint, to vacate judgment, and for leave

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to file a motion for reconsideration.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Stebbins streams content on YouTube and Twitch under the name "Acerthorn."  Another YouTube content provider set up a YouTube channel titled "Acerthorn the True Acerthorn" to "harass[], dox[], and impersonate[]" Stebbins.  Stebbins asserts that the second content provider infringed on his copyright by using as its channel icon a screenshot of Stebbins from one of Stebbins' copyrighted livestreams (the Channel Icon).  Stebbins requested that Google take down the Channel Icon from the YouTube platform.  After Google declined the request, Stebbins brought the present action against Google for copyright infringement.

1.      The district court did not err in concluding that the applicable factors weighed in favor of finding that the Channel Icon was a fair use of Stebbins' copyrighted work.  *See Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 648 (9th Cir. 2020) (listing the four factors).  Addressing the first factor, we agree with the district court that the Channel Icon is sufficiently transformative, as it possesses a "further purpose or different character [from Stebbins'] work" by adding a "new expression, meaning, or message," through criticism of Stebbins' copyrighted work.  *McGucken v. Pub Ocean Ltd.*, 42 F.4th 1149, 1157, 1161 n.3 (9th Cir. 2022) (citations omitted).  We also agree that

the second and third factors weigh in favor of fair use because the Channel Icon is a single frame from a nearly four-hour long livestream during which Stebbins and another individual primarily discuss their opinions of a video game and Stebbins' handling of feedback. This livestream was correctly characterized by the district court as more "informational" than "creative" in nature, the latter of which would be "closer to the core of intended copyright protection." *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 983 F.3d 443, 455 (9th Cir. 2020) (citation and internal quotation marks omitted).

Use of the single frame supports the conclusion that the Channel Icon utilized the minimal "quantitative amount and qualitative value of the original work" necessary to criticize Stebbins. *McGucken*, 42 F.4th at 1162 (citation omitted). Finally, the fourth factor weighs in Google's favor because the Channel Icon does not affect the potential market or value of the copyrighted work, because the Channel Icon "performs a different function" than the copyrighted work. *Tresóna*, 953 F.3d at 651-52 (citation omitted).

**2.** The district court did not abuse its discretion in denying Stebbins' Motion for Leave to File Amended Complaint. Importantly, the district court did not err in concluding that amendment would be futile. *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 985-86 (9th Cir. 1999); *see also Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) ("Futility alone can justify a

3

court's refusal to grant leave to amend. . . .") (citation omitted).

3.      The district court did not abuse its discretion in ordering Stebbins to delete all copies of his recording of the parties' Rule 26(f) scheduling conference, remove the recording from YouTube, and cease recording in the future.  This order was within the district court's inherent powers following its finding that Stebbins' conduct raised privacy concerns, as Google did not consent to the recording, and violated civility and ethical litigation norms.  *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 403-04 (9th Cir. 2010).

4.      The district court did not abuse its discretion when granting Google's motion to declare Stebbins a vexatious litigant, or in entering the pre-filing order. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-57 (9th Cir. 2007). Stebbins was given "notice and an opportunity to oppose the order before it [was] entered," and the district court "compile[d] an adequate record for appellate review."  *Ringgold-Lockhart v. Cnty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014) (citation omitted).  The district court also made the requisite "substantive findings of frivolousness or harassment," and narrowly tailored the scope of the pre-filing order.  *Id.* (citation omitted).

5.      The district did not abuse its discretion in denying Stebbins' Motion to Vacate Judgment under Rule 60(b).  *See De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).  The district court sufficiently explained

that the motion failed to satisfy the requirements under Rule 60(b) of excusable neglect or qualifying factual or legal error. *See Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 832 (9th Cir. 1986) (per curiam); *see also* Fed. R. Civ. P. 60(b).

**6.** Nor did the district court abuse its discretion in denying Stebbins' Motion for Leave to File Motion for Reconsideration for failure to comply with the applicable local rule. *See Alliance of Nonprofits for Ins. v. Kipper*, 712 F.3d 1316, 1328 (9th Cir. 2013). The local rules of the Northern District of California allow parties to seek leave to move for reconsideration of an interlocutory order on specified grounds. *See* N.D. Cal. L.R. 7-9(a). Stebbins' motion, however, impermissibly sought to address a final judgment. Additionally, the motion reiterated previous arguments made by Stebbins, also in violation of Local Rule 7-9. *See* N.D. Cal. L.R. 7-9(c).

**AFFIRMED.**[1]

---

[1] The Motion For Exemption From Having To File Paper Copies Of Reply Brief (Dkt. # 30) is denied as moot.